**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Abdiyyah Ben Alkebulanyahh, aka Tyree Roberts, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000529

―――――――――

Appeal from Beaufort County
Maite Murphy, Post-Conviction Relief Judge

―――――――――

Memorandum Opinion No. 2023-MO-012
Heard April 18, 2023 – Filed August 2, 2023

―――――――――

**REVERSED**

―――――――――

Lindsey Sterling Vann, Emily C. Paavola, and Allison Ann Franz, all of Justice 360, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Isaac McDuffie Stone III, of Bluffton, all for Respondent.

―――――――――

**PER CURIAM:**  We granted a writ of certiorari to review a successive application for post-conviction relief (PCR) filed by death-row inmate Abdiyyah Ben Alkebulanyahh (Petitioner).  We reverse and remand for an evidentiary hearing to determine whether Petitioner's original PCR counsel were properly certified under section 17-27-160(B) (2014).  *See Robertson v. State*, 418 S.C. 505, 518, 795 S.E.2d 29, 36 (2016) (interpreting section 17-27-160(B) to require capital PCR counsel to "have either (1) prior experience in capital PCR proceedings, or (2) capital trial experience and capital PCR training or education").  Should counsel be found to have been unqualified, "that non-compliance with section 17-27-160(B) constitutes deficient performance per se."  *Id.* at 521, 795 S.E.2d at 37.  "Nevertheless, [Petitioner] would still maintain the significant burden of proving that he was prejudiced by counsel's lack of qualification."  *Id.*

Our decision to remand today should not be viewed as a ruling on the merits of any of Petitioner's claims in his second PCR application.  Rather, as pointed out in Petitioner's brief, two other similarly-situated death-row inmates have received similar relief, and for the sake of consistency, we grant Petitioner a *Robertson* hearing as well.

Although we offer no comment on the merits of Petitioner's claims, we fully recognize that—despite the remand—Petitioner's ability to receive PCR is severely limited, for Petitioner waived his right to trial counsel and proceeded pro se.  In doing so, Petitioner vastly circumscribed his potential PCR claims.[1]

---

[1] Relatedly, even if original PCR counsel are ultimately found unqualified under section 17-27-160(B), Petitioner may be hard-pressed to show prejudice stemming from that lack of qualification.  For example, one of the very few PCR claims a pro se defendant may raise is for a *Faretta* violation.  *See generally Faretta v. California*, 422 U.S. 806 (1975); *see also, e.g.*, *Gardner v. State*, 351 S.C. 407, 412, 570 S.E.2d 184, 186 (2002) ("In a PCR action, if the record fails to demonstrate the Petitioner made an informed choice to proceed pro se, with 'eyes open,' then the Petitioner did not make a knowing and voluntary waiver of counsel, and the case should be remanded for a new trial.").  Petitioner's original PCR counsel raised such a claim under the impetus of competency.  In ruling on Petitioner's first application for PCR, the PCR court rejected the *Faretta* claim on the merits, extensively evaluating Petitioner's competency and reviewing the trial judge's competency findings in the first forty pages of the fifty-four-page order.  While certainly not impossible, Petitioner may find it difficult to show original PCR counsel's lack of qualification under section 17-27-160(B) prejudiced him as to any *Faretta* or competency claims.

The decision of the PCR court is reversed.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES, and HILL, JJ., concur.**